FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 25, 2020

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACKIE AKINS SR., CASSANDRA AKINS, and JACKIE AKINS Jr., <br><br>    Plaintiffs, <br><br>    v. <br><br>KRISHANA EVERETTE, RAUFU EVERETTE, SUMMER ABRAHAMSON, GREGORY LEBSOCK, D. BETTS, J.C. ANDERSON, CITY OF SPOKANE, SPOKANE POLICE OFFICERS DOES 1-30, <br><br>    Defendants. | NO. 2:19-CV-00363-SAB <br><br> **ORDER ON MOTIONS TO AMEND, STRIKE, EXTEND, AND FOR PROTECTIVE ORDERS** |

Before the Court are Plaintiffs' first and second motions for leave to file amended complaints, ECF Nos. 35 and 36; Motion for Extension of Time to Respond to Written Discovery, ECF No. 39; and Motion for Protective Order, ECF No. 48; and Defendants' Motion to Strike and for a Protective Order, ECF No. 43, and to Compel Discovery and for Financial Sanctions, ECF No. 55. The Court has reviewed these motions and associated memoranda, and for the reasons detailed below, grants leave to amend the complaint, denies the motion for extension of time, and denies the motions for protective orders.

**ORDER ON MOTIONS TO AMEND, STRIKE, EXTEND, AND FOR PROTECTIVE ORDERS ~ 1**

This case involves two former neighbors, the Akins (Plaintiffs) and the Robb / Everettes (neighbor-Defendants,) as well as claims against municipal officers in their personal and professional capacities (public-Defendants.) Plaintiffs submitted an amended complaint more than 30 days after filing the original complaint, ECF No. 33, and moves for this Court to accept that filing as the operative complaint. ECF Nos. 35, 36. Plaintiffs additionally seek an extension of time to respond to discovery requests, primarily due to their lack of representation.

The neighbor-Defendants seek to compel disclosure of Plaintiffs' current address, move to strike portions of the complaint, and move for a protective order barring Plaintiffs from making further references to an alleged conviction in pleadings. ECF No. 43. Plaintiffs, in turn, seek a protective order preventing the disclosure of their current address, as well as personally identifiable information. ECF. No. 48.

## The Motions to Amend and Motion for Extension Are Granted

The public-Defendants agree to the extension of time, ECF No. 40., but object to the motions to amend, primarily arguing that the new claims against the public-Defendants are futile, citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998.) A district court determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987). Generally, this determination should be performed with all inferences in favor of granting leave to amend. *See id.*

Rule 15 has a broad instruction in favor of granting leave to amend. *Gabrielson v. Montgomery Ward & Co.,* 785 F.2d 762, 765 (9th Cir.1986). Thus "[r]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam)). While some cases do detail futility alone as a basis for denying leave to amend, they are typically decided in the context of motions for

**ORDER ON MOTIONS TO AMEND, STRIKE, EXTEND, AND FOR PROTECTIVE ORDERS ろ 2**

leave to amend after a dispositive motion. *See e.g.,* Foman v. Davis, 371 U.S. 178, 181 (1962). Here, Plaintiffs' claims have yet to be tested. The neighbor-Defendants' arguments on the alleged futility of these claims would be better taken in a potential dispositive motion. The Court does not reach the merits of the futility argument and raising these arguments in a future motion would not substantially prejudice the public-Defendants. Accordingly, the motions for leave to amend and for an extension of time to respond to discovery are granted.

## Motions for Protective Orders

There are two cross-motions for protective orders, ECF Nos. 43 and 48, by the neighbor-Defendants and Plaintiffs, respectively. The neighbor-Defendants' motion is denied, and Plaintiffs' motion is granted in part.

Defendants' motion includes a motion to strike, both of which relate to allegations that one of the neighbor-Defendants had a juvenile adjudication. Rule 12(f) provides the mechanism for a party to move to strike these allegations as redundant, immaterial, impertinent, or scandalous. Fed. R. Civ. P. 12(f)(2). The time for a motion to strike is either before a responsive pleading is filed or within 21 days of being served with the pleading if no response is permitted. *Id.*

The allegations regarding the juvenile conviction were made in the first complaint, which was filed in October 2019. ECF No. 1. The neighbor-Defendants answered, in December 2019. ECF No. 31. The neighbor-Defendants moved to strike these allegations in February 2020. ECF No. 43. Court agrees that these allegations have no place in this litigation, but the motion is untimely. Although the Court could *sua sponte* strike these references under Rule 12(f)(1), (*In re 2TheMart.com, Inc. Sec. Litig.*, 114 F.Supp.2d 955, 965 (C.D.Cal.2000)), such an order would serve to create more delay and inconvenience.

Plaintiffs also move for a protective order, asking in part for the Court to prevent disclosure of their current address. ECF No. 48. On that same day, Plaintiffs appear to have clarified their address, ECF No. 47. Additionally, while

**ORDER ON MOTIONS TO AMEND, STRIKE, EXTEND, AND FOR PROTECTIVE ORDERS ३ʊ 3**

there is currently jurisdiction under 28 U.S.C. § 1331, it is possible that diversity jurisdiction might be invoked if the public-Defendants are no longer in the case. If that is so, Plaintiffs' domicile at the time of filing will be essential.

In addition to their current address, Plaintiffs seek a protective order regarding the neighbor-Defendants request for the addresses of current employers, as well as personally identifiable information such as social security numbers and driver's license numbers. ECF No. 48. Unlike Plaintiff's address, this information is substantially less relevant at this time. *See Warren v. Bastyr Univ.*, No. 2:11-CV-01800-RSL, 2013 WL 1412419, at *5 (W.D. Wash. Apr. 8, 2013) (granting plaintiff's protective order regarding driver's license and social security numbers when complaint is consistent with plaintiff's concerns of defendant's dangerous behavior). Given the allegations of violence in this case, the Plaintiffs' Motion to Enter Protective Order, ECF No. 48, is granted, save for Plaintiffs' current address. Consistent with this ruling, the Court denies Defendants' Motion to Compel Discovery and for Financial Sanctions, ECF No. 55.

//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER ON MOTIONS TO AMEND, STRIKE, EXTEND, AND FOR PROTECTIVE ORDERS ~ 4**

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' [Second] Motion for Leave to File First Amended Complaint, ECF No. 36, is **GRANTED.** Plaintiffs Motion for Leave to File First Amended Complaint, ECF No. 35, is **DENIED AS MOOT.**
2. Plaintiffs' Motion for Extension of Time to Respond to Written Discovery, ECF No. 39, is **GRANTED.**
3. Defendants' Motion to Strike and Motion for Protective Orders, ECF No. 43, is **DENIED.**
4. Plaintiffs' Motion to Enter Protective Order, ECF NO. 48, is **GRANTED IN PART.**
5. Defendants' Motion to Compel Discovery and for Financial Sanctions, ECF No. 55, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.



_____
Stanley A. Bastian
United States District Judge

**ORDER ON MOTIONS TO AMEND, STRIKE, EXTEND, AND FOR PROTECTIVE ORDERS ~ 5**